WHEELOCK *vs.* YOUNG and PRATT, impleaded; &c.

The agents of the state are not liable in *trespass* for entering on the lands of individuals to take *materials* for the *construction* of the canals authorized by the act of 1817.

Under that act, an appraisal of damages may be made as well for the *temporary use* of lands adjacent to the line of the canals for the *destruction* of crops in consequence of the removal of fences, and for *materials* taken, as for lands permanently appropriated, the *fee* of which vests in the state.

THIS was an action of trespass, tried at the Albany circuit in September, 1827, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The trespass complained of was the entering upon the lands of the plaintiff with waggons and carts, and taking and carrying away large quantities of cobble stones. Young, one of the defendants, was an engineer in the employment of the canal commissioners in the construction of the *Northern*

*Canal,* and had the superintendance of that portion of it which passed through the plaintiff's farm. The stone were wanted for the building of slope walls in the *construction* of the canal in its route through the farm, and no where else could such stone be so conveniently procured as on the farm of the plaintiff. The other defendants, under the direction of Young, took the stone, doing as little damage as possible in the taking and transportation thereof.

The circuit judge decided that the entry on the lands of the defendant for the purpose of taking the stone, and the taking of the same could not be justified under the act of the legislature of the 15th April, 1817, entitled " an act respecting navigable communications between the great western and northern lakes and the Atlantic Ocean," because that act provides no means of compensation for *materials* taken in the construction of the works authorized by it; and if the act authorized the taking of such materials, it was unconstitutional and void in appropriating private property to public purposes without compensation, and accordingly instructed the jury, who found a verdict for the plaintiff with $100 damages. The defendant excepted to the decision and, charge, and now moved for a new trial.

*J. L. Wendell,* for defendants.

*A. Townsend,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The only question presented by this bill of exceptions is whether the " act respecting navigable communications between the great western and northern lakes and the Atlantic ocean" is constitutional. The third section authorizes the canal commissioners, by themselves or their agents, " to enter upon, take possession of and use all and singular any lands, waters and streams necessary for the prosecution of the improvements intended by this act, and to make all such canals, feeders dykes, locks, dams and other works and devices as they may think proper for making said improvements, doing "nevertheless no unnecessary damage ;" and points out a mode of making compensation for lands taken and appropriated for the purposes aforsaid,

This statute has already received a construction in the court of errors and in the court of chancery. In the case of *Rogers* v. *Bradshaw*, (20 Johns. R. 735,) the powers of the commissioners were considered. It was held that a statute having for its object a great improvement, and vesting in the officers concerned in its construction very extensive powers, should receive a liberal construction; and it was decided that the agents of the state might enter upon and appropriate any lands adjacent to the line of the canal which were necessary to be taken, and that the commissioners were to determine in their discretion as to the necessity of such appropriation; and if they acted in good faith and with sound common sense it was impossible they should be trespassers. It was also held by the chancellor in *Jerome* v. *Ross*, (7 Johns. C. R. 330, 7,) that all the acts on this subject must be considered together; that the commissioners have large powers in the expenditure of the public monies, and discretionary authority to pay for the temporary use of lands and the appropriation of materials. It was there said the commissioners are not trespassers when the act authorizes them to enter before the damages are paid for. The decision in *that* case is precisely in point; the agents of the state entered upon adjacent lands and used a ledge of rocks; in *this* they took cobble stones, which is all the difference. The act of 1820 authorizes the taking materials for *repairing;* and it was supposed that it could not have been the intention of the legislature to give this power for the purpose of repairs and not for the original construction. The claim for compensation, it is said, cannot well precede the appropriation of the property; and even if the legislature had omitted to make proper provision, that does not prevent the just claim of the owner for compensation.

These cases settle the right of the commissioners to enter upon private property and appropriate it to public use without being trespassers, which is all that is necessary to the defendants' justification in this case; and they seem to obviate the difficulty of the learned judge at the circuit. The language of the constitution is, "Nor shall private property

be taken for public use without just compensation." Any law which should authorize private property to be taken for public use, and should at the same time direct that *no compensation* should be allowed for it, would be unconstitutional; but according to the preceding cases, a law which authorizes such appropriation, and merely *omits* to provide the mode of making such compensation, is not unconstitutional.

In relation to our canals, the legislature have not been unmindful of their duty. According to the opinion of the chancellor in *Jerome* v. *Ross*, the commissioners had power, by the act of 1817, to pay in their discretion for *materials* or the temporary use of land. By subsequent acts, the legislature has made provision for payment of all claims of this nature. The means of compensation have been provided, and there is no provision in the constitution that compensation shall *precede* the appropriation of private property. The act of 1817 authorizes the entry upon and appropriation of any lands necessary for the purpose of constructing the canals: *land* includes every thing beneath and above the surface. The commissioners might take the *whole*, of course they might take *part;* they might take gravel for embankments, or stone or timber for any necessary purpose in the prosecution of the work. They are to make "all such canals, feeders, dykes, locks, dams and other works and devises as they may think proper." They could not do all this without materials, and it might happen that the owners of materials most convenient might refuse to sell; were the commissioners then to stop their work, because the owners of stone and timber refused to sell? Certainly not; they were to take them, "doing neverthelesss no unnecessary damage." The legislature knew that some damage must necessarily be done to the adjacent lands; they must have contemplated the taking of materials and a temporary appropriation of land; otherwise such a caution was unnecessary; for in regard to the lands appropriated for the canals themselves, such lands were of course to be rendered useless for every purpose except for canals; the contemplated *necessary damage* must therefore be upon other lands than those appropriated for the immediate track of the canals.

It seems to me, also, that a liberal construction of the duties and powers of the appraisers authorized the payment of any necessary damages incurred in making the canals. They were " to make a just and equitable estimate and appraisal of the loss and damage, if any, over and above the benefit and advantage to the respective owners and proprietors or parties interested in the premises so required for the purposes aforesaid, by and in consequence of constructing any of the works aforesaid." In *Jerome* v. *Ross*, it was said that the provision for compensation in the third section of the act of 1817, applied only to lands taken and appropriated, the fee of which vested in the state, upon payment therefor to the former owner ; but it appears to me that no forced construction can be necessary to give power to the appraisers to make an appraisal for the *temporary use* of lands adjacent to the line of the canal, for the *destruction* of crops in consequence of the removal of fences, or for *materials* taken from adjacent lands, and in short, for whatever was necessary for their use in making " such canals, feeders, dykes, locks, dams and other works and devices as they may think proper for making said improvements." The state became responsible for the acts of their agents ; the owners were not to look to the individuals, nor were they answerable unless when doing " unnecessary damage." The commissioners were to use what was necessary for their purpose ; the appraisers were to estimate the damage sustained by the necessary acts of the commissioners, who were to make payment out of monies in their hands.

The defendant is entitled to a new trial, costs to abide the event.