## HYDE *against* MORGAN.

In an action against the grantor of land, to recover the penalty given by the
    statute against selling pretended titles, it is not necessary for the plaintiff to
    prove, on the trial, an ouster and adverse possession as to the whole of the
    land alleged in the declaration to have been conveyed contrary to the statute;
    but he may prove such ouster and adverse possession as to a part only of the
    land, and recover accordingly.

Where a party has been subjected, on proof of having unlawfully conveyed a
    part only of the land alleged in the declaration to have been thus conveyed,
    the record will not conclude him as to that portion, the conveyance of which
    was free from objection.

           THIS was an action *qui tam* on the statute prohibiting the
alienation of lands of which the grantor is ousted, to any other
person than the one in possession, brought against the grantor,
to recover the penalty given by that statute for such aliena-
tion.

The declaration alleged, that the plaintiff, on the 11th of *April*, 1838, was, and ever since has been, possessed of a certain lot of land lying in the town of *Stonington*, at the *Head of Mystic*, bounded, &c. containing about eight square rods, claiming it to be his own in fee simple, and holding it adversely to all others ; that the defendant, with full knowledge of this fact, did, on said 11th day of *April*, while he was ousted of the possession of said lot of land, by the plaintiff, attempt to alien the same to *James A. Noyes*, and for that purpose, did then execute and deliver to him, for the consideration of five dollars expressed therein, a deed, under the hand and seal of him the defendant, by him duly acknowledged, conveying said lot of land to said *Noyes*, his heirs and assigns forever, who was not then in the possession thereof, but was ousted thereof, by the possession of the plaintiff ; that said *Noyes* accepted said deed, and caused it to be recorded ; that the value of said lot was 300 dollars, one half of which the plaintiff was entitled to recover.

The cause was tried, on the general issue of *not guilty*, at *Norwich, March* term, 1840, before *Huntington*, J.

On the trial, the defendant admitted the execution and delivery of the deed from him to *Noyes*, at the time specified in the declaration. The plaintiff then offered evidence conducing to prove, that neither the defendant nor *Noyes* was then in possession of the land, or of any part thereof ; but it appeared that the possession of the plaintiff extended to a part only of the lot. The defendant thereupon claimed, that the plaintiff could not recover, unless the jury should find that the possession of the plaintiff included the whole lot. The plaintiff, on the other hand, claimed, that he was entitled to recover to the extent of his possession, although the jury should find that it included a part only of the lot. The court instructed the jury according to the plaintiff's claim ; and they returned the following verdict : " In this case the jury find, that the defendant *is guilty*, in manner and form as the plaintiff in his declaration has alleged ; and therefore find for the plaintiff to recover of the defendant, the sum of 10 dollars, damages, and his costs." The defendant thereupon moved for a new trial for a misdirection.

New-London,
July, 1840.

Hyde
v.
Morgan.

*Pomeroy* and *Cleaveland*, jr., (a) in support of the motion, contended, that as the plaintiff had alleged in his declaration that he was in the adverse possession of the *whole* land described; and as this was a material allegation, which the defendant must be prepared to meet; the plaintiff could not recover upon *partial* proof. The *probata* must be as broad as the *allegata.* The statute on which the action is founded, is highly penal; and he who claims the penalty must support his claim with strict proof. *Myers* v. *The State*, 1 *Conn. Rep.* 502. *Daggett* v. *The State*, 4 *Conn. Rep.* 60. *Gunn* v. *Scovil*, 4 *Day*, 234. *Morse* v. *The State*, 6 *Conn. Rep.* 9. If the defendant is liable on the proof in this case, then the vendor of a farm is liable, if any part of it is in the possession of another, by ever so slight an encroachment; and that too in an action alleging an unlawful sale of the whole farm. This course of proceeding, instead of pointing out to the defendant precisely what he is to defend against, misleads him. He comes prepared to meet the charge as it is made, and succeeds; but if his neighbour's fence or his shed was a foot over the line, when the deed was given, he is still doomed to pay the penalty of the statute, and full costs of suit. This is manifestly unjust and oppressive. This course may also do injustice in another way. The defendant is charged with an unlawful sale of the whole land. Of this, he says, he is *not guilty*. The jury, on the proof before them, in this case, find him *guilty* " in manner and form as the plaintiff in his declaration has alleged." Would not this record be ever afterwards conclusive upon him as to the whole land ?

*Isham* and *Strong*, contra, were stopped by the court.

(a) This was the last case, which Mr. *C.* argued in this court. *William Pitt Cleaveland,* jr. was born at *New-London, April* 8th, 1796; graduated at *Yale-College,* in 1816; studied law with his father, in *New-London ;* admitted to the bar, in 1818 ; settled immediately in the practice of law, in his native place; died there, after an illness of three weeks, *February* 5th, 1841. Possessed of a vigorous physical constitution and a severely disciplined mind, he devoted himself, with untiring industry, to the duties of his profession, and acquired, not only an extensive and lucrative practice, but a highly respectable rank as an advocate and a jurist. His arguments were clear and cogent, without any attempt at brilliancy or humour. In his social intercourse, he was frank and sincere ; in his deportment at the bar, courteous and high-minded; in all the relations of life, just and honourable. *R.*

Storrs, J.　The only question in this case, is, whether in
an action for the penalty prescribed in the statute prohibiting
alienations of land of which the grantor is ousted, excepting to
the person in actual possession, brought against the grantor, it
is necessary that the plaintiff should prove, on the trial, that
the whole of the premises alleged, in the declaration, to have
been conveyed contrary to the statute, was possessed ad-
versely to the grantor and his grantee; or, whether the plain-
tiff may not prove such adverse possession as to a part only
of the premises, and recover accordingly.

In this case, the execution and delivery of the conveyance
from the defendant to *Noyes,* the alleged grantee, as stated in
the declaration, were admitted; so that there was, on the trial,
no question of variance between the conveyance alleged and
that which was proved.　The only inquiry is, how much it
was necessary for the plaintiff to prove, as to the extent of the
ouster, to entitle him to recover.

The general rule is well established, as expressed by *Chitty,*
that in actions *ex delicto,* upon proof only of part of the injury
charged, or of one of several injuries laid in the same count,
the plaintiff will be entitled to recover *pro tanto,* provided the
part which is proved afford *per se* a sufficient cause of action.
1 *Chitt. Plead.* 368.　*Maitland* v. *Goldney,* 2 *East,* 438.
*Compagnon* & ux. v. *Martin,* 2 *Bla. Rep.* 790.　*Gwinnet* v.
*Phillips* &. al. 3 *Term Rep.* 643. 645.　*Barnard* v. *Duthy,* 5
*Taun.* 27.　*Jones* v. *Clayton,* 4 *Mau. & Selw.* 349.

The same rule, with respect to proof of only a part of the
breach set out in a declaration, applies, in general, in actions of
*assumpsit;* and if the breach is laid as extensively as the con-
tract, the plaintiff may recover, although he prove a part only
of the breach as laid.　2 *Stark. Ev.* 1536. 1541.　*Maitland*
v. *Goldney,* 2 *East* 438.　*Barnard* v. *Duthy,* 5 *Taun.* 27.
*Forty* v. *Imber,* 6 *East,* 434. 437.

In an action of disseisin, the same rule prevails.　The
plaintiff, if he proves title to a part only of the demanded
premises, may recover for such part; and, if he alleges a title
in fee, he may recover, if he proves only a title to an estate
for life, or for years.　1 *Sw. Dig.* 250.

In trespass also, nothing is more common than for the
plaintiff to recover, on proving a part only of the injuries com-
plained of, when the proof shews sufficient to constitute a

ground of action, or a less number of trespasses than are laid in the declaration, when several are specified. The same principle is applicable to criminal prosecutions. It has never been deemed incumbent on the prosecutor to prove, for instance, on an information for theft, that the prisoner stole all the articles enumerated, or, for assault and battery, the commission of all the several acts charged. But convictions constantly take place, in these and other criminal prosecutions, generally, on proof of any of the acts laid, or a part of any of them, which constitute the offence charged.

Without further detailing the cases on the subject, it is sufficient to refer to *Starkie's Evidence, part* 2. *p.* 1529. where the cases, shewing how far evidence is required in support of allegations in a declaration, which relate to *extent, number* and *magnitude*, are well collected, and fully sustain the charge in this case. We perceive no good reason why the same rule should not prevail in actions on penal statutes; and such we believe to have been the universal practice.

The defendant has urged, that greater strictness of proof should be required in such suits than in others, in consequence of the strictness with which penal statutes are construed. But the rules of construction which prevail in regard to those statutes, can have no bearing on the practice which should be adopted in reference to the question of proof now before us. And surely, if, in criminal proceedings, it is not necessary that the proof should be co-extensive with the charge, it cannot be required in penal actions. Indeed, in this respect, there is no reason why there should be any discrimination between them. The rule contended for, by the defendant, would produce great and unnecessary inconvenience in practice, while it would confer no substantial benefit on the defendant.

It has also been urged, that injustice would be done to the defendant, by adopting the rule laid down in the court below, inasmuch as the verdict and judgment, being general, would conclude him to a greater extent than he should be found guilty. It is obvious, however, that such cannot be the case; because if the defendant may be subjected on proof of having illegally conveyed a part only of the land alleged in the declaration to have been thus conveyed, the record would not conclude him from shewing of what particular portion of the premises the conveyance was free from objection.

A new trial, therefore, is not advised.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial not to be granted.