The material facts alleged in the complaint which stand admitted for the purpose of determining the questions presented by the demurrer may be thus summarized. In early October, 1942, the plaintiff herein instituted a suit against the Astor Theatre Co., Inc., for services rendered and caused to be attached certain items of personal property belonging to that defendant. Later in that month the second named defendant in this action, the S. A. S. Co., Inc., instituted a *Page 458 
suit of replevin against the plaintiff herein, the attaching sheriff, and the Astor Theatre Co., Inc., and replevied the personal property under attachment. As party plaintiffs in that replevin suit, the S. A. S. Co., as principal, and Salvatore Saraceno, the named defendant herein, as surety, jointly and severally executed and furnished to the plaintiff herein the bond recited in paragraph (3) of the present complaint. The replevin suit, made returnable to the Court of Common Pleas for Hartford County, never went to trial and prior to the commencement of the within suit was stricken from the docket of the court before which it was pending. The plaintiff herein has prosecuted its suit against the Astor Theatre Co., Inc., and on June 28, 1946, secured a judgment in the amount of $720 with costs. This judgment to date remains unpaid.
In resisting the within suit of the plaintiff on the replevin bond the defendants demur on two grounds: (1) the plaintiff does not allege that it filed a counterclaim for the return of the goods or for damages as a defendant in the original replevin suit: (2) the complaint does not allege that a judgment was rendered in the plaintiff's favor as defendant in the original replevin suit, as required by §§ 5951 and 5953 of the General Statutes.
The court makes the following comments: (a) as party plaintiff in the replevin suit it is made to appear that the defendant S. A. S. Co., Inc., did not "prosecute its suit to effect" as prescribed as a condition in the replevin bond; Ladd v. Prentice,14 Conn. 108, 117; (b) notwithstanding the statutes upon which the demurrer is based and upon which the defendants herein argue, "there is nothing in these statutes which indicates that a defendant [in the replevin suit such as plaintiff herein] who has suffered damages may not as well recover them in a suit on the bond as in the replevin suit." Gould v. Hayes,71 Conn. 86, 94; and see Quinnipiac Brewing Co. v. Hackbarth,74 Conn. 392, 396.
In view of the foregoing, the court deems that the two grounds advanced in support of the demurrer are not well taken.
 Demurrer overruled.