JOHN F. LONSDALE, Assignee, *vs.* PHINEAS. FAIRBROTHER.

A mortgage by deed under seal which recognizes notes which have been taken up by the mortgagee as notes which are overdue and unpaid, and which the mortgagor is bound to pay, must be upheld both in law and equity.

*Clapp* v. *Glidden*, 39 Maine, 448, and *Treat* v. *Gilmore*, 49 Maine, 34, stated and distinguished from the case at bar.

DURFEE, J.  This is an action of trover to recover the value of certain property described in the declaration, and is tried to the court, jury trial having been waived.  The property formerly belonged to George and James Barbour, copartners in business as George Barbour & Son, and was by them mortgaged to William Barbour to secure· to him the payment of certain promissory notes which. they had made.  The said George Barbour & Son subsequently sold the property to John and William Barbour, nephews of the William aforesaid, who took possession of the same and assumed payment of said notes.  They, however, failed to pay the notes according to their agreement, and finally the notes were taken up by the said George Barbour.  The said George Barbour at first proposed to have the mortgage given to secure said notes transferred to himself; but, under the advice of the person to whom he applied to prepare the transfer, instead thereof he took a new mortgage of the property from the said John and William Barbour, bearing date September 28, 1869, and recorded October 2, 1869.  This new mortgage deed recited that said notes, and also a note for $125, signed by George Barbour and Son, and payable to the order of F. C. Burt, with the interest thereon, were overdue and unpaid, and were held and owned by said George Barbour; and was on the condition that it should be void if within one year from the date thereof

the mortgagors should pay said notes with interest. The mortgagors remained after the mortgage in possession of the property, though the deed contained no stipulation securing to them such possession. On 22d September, 1870, the said John and William Barbour, being in jail on execution, were admitted to take the poor debtor's oath, and thereupon made the statutory assignment to the keeper of the jail. On the 1st April, 1871, the mortgaged property aforesaid, which was still in the possession of said John and William Barbour, was attached, on execution issued against them, by the defendant as deputy sheriff, and advertised to be sold by him April 20, 1871. On the 20th April, 1871, the plaintiff received from the keeper of the jail a reassignment of the property assigned to him, as aforesaid, on the 22d September, 1870, and on the same day, previous to the sale by the defendant, made a written demand on the defendant for the property, and the defendant refused to deliver the same to the plaintiff, who thereupon commenced this action. It is admitted that the value of the property at the time of the alleged conversion was $830, which was less than the sum of the various amounts expressed in the notes aforesaid with interest thereon. It is also admitted that John and William Barbour, in the testimony given by them in a partial hearing to the jury which is to be received by us as if given on this hearing, testified that they said nothing about this mortgage in their examination at the jail previous to their assignment, and that one of them testified they considered they had no property in the mortgaged goods, but that those goods belonged to the mortgagee.

The question made on this statement of facts and evidence is, whether the plaintiff is entitled to maintain trover against the defendant for a conversion of the mortgaged property. In considering this question it is to be kept in mind that the plaintiff has never been either in the actual or constructive possession of that property ; for the mortgagors, according to the testimony, held it not for their assignee, but for the mortgagee ; and moreover, it had already been attached by the defendant, before it was reassigned to the plaintiff. The case therefore does not fall within that class of cases in which it has been held, that as against a mere wrong-doer possession alone is sufficient, the wrong-doer not being permitted to shelter himself behind the

better title of a third person. 2 Greenl. Ev. § 637. It is also to be kept in mind that at the time of the alleged conversion, a much longer time after condition broken had elapsed than the sixty days allowed by statute for the redemption of the mortgaged property; Rev. St. ch. 149, § 13; so that if there was any right of redemption remaining in the plaintiff, it was a right which could be enforced only in equity. No case has been cited to us in which it has been held that a person having such a mere equity in a chattel, disconnected from any possession thereof, can maintain trover for its conversion. In *Clapp* v. *Glidden*, 39 Maine, 448, in trover, by a second mortgagee, for the conversion of the mortgaged chattel, the defendant was permitted to defeat the action by setting up a prior mortgage, the title under which had become absolute in the mortgagee by the running of the statutory period for redemption after default; though it would seem from a later case, *Treat* v. *Gilmore*, 49 Maine, 34, that in that state if the title under the prior mortgage had not become absolute, the action might have been maintained. We know of no case which lays down the law more favorably for the plaintiff than the case of *Treat* v. *Gilmore*, and that case is decided with a full recognition of the authority of the prior case of *Clapp* v. *Glidden*, which is a complete precedent in favor of the defendant. We think, therefore, that if the mortgage of September 28, 1869, is to be regarded as valid, the plaintiff is not entitled to maintain the suit. See also *Holmes* v. *Bell*, 3 Cush. 322; *Rugg* v. *Barnes*, 2 Cush. 591; *Heyland* v. *Badger*, 35 Cal. 404; *Burdick* v. *McVanner*, 2 Denio, 171; *Brown* v. *Bemont*, 8 Johns. 75; *Killian* v. *Carroll*, 13 Ired. 431.

The plaintiff, however, contends that the defence is unavailable, for the reason that the mortgage, having been given to secure the payment of notes which had already been paid, is void. The mortgage was by deed under seal, which transferred the property to the mortgagee, subject to defeasance in case the notes, which were declared to be overdue and unpaid, and to be held and owned by the mortgagee, should be paid by or for the mortgagors within a year. It thus appears that the mortgagors recognized the notes as notes which were unpaid and held by the mortgagee, and which they were bound by their agreement to pay, and we see no reason, as between the mortgagors and the makers of the

notes, why under the circumstances such a recognition and treatment of them was not entirely just and proper, nor why a mortgage based upon such recognition and treatment of them, and excuted in favor of that one of the makers who had taken them up, especially when made by deed under seal, should not be upheld either at law or in equity. We give the defendant

*Judgment for his costs.*

POTTER, J., dissented.

*Matteson*, for plaintiff.

*B. N. Lapham*, for defendant.