GEORGE WILLIAMS, Administrator, *vs.* NICHOLAS C. BRIGGS *et als.*

In Rhode Island a mortgage of personal property to be subsequently acquired conveys no title to such property when acquired, which is valid at law against the mortgagor or his voluntary assignee, unless after acquisition possession of such property is given to the mortgagee, or taken by him under the mortgage.

TROVER, heard by the court, jury trial being waived.

*March* 3, 1877. DURFEE, C. J. This is an action of trover for the conversion of certain articles of personal property, which the plaintiff claims to own as administrator on the estate of the late William B. Lawton. The title of William B. Lawton ac-

crued to him under two mortgages, executed to him by the defendant, Nicholas C. Briggs, and dated respectively January 1, 1867, and July 2, 1870. The second mortgage purports to convey to Lawton " all and singular the tools, fixtures, stock in trade for the manufacture of carriages, and also all carriages made or in process of manufacture, now in my carriage factory, No. 254 High Street, in said city (Providence), together with all my right, title, and interest in and to the land and building used for and in connection with said factory. And also all and every article and thing that may be hereafter purchased by me to replace or renew the articles and things hereinbefore conveyed, and also all stock, tools, fixtures, and carriages, whether manufactured or in process of manufacture, that may be hereafter purchased by me to be used in or about my business of buying and selling, making and repairing carriages." On the 14th of August, 1875, the defendant, Nicholas C. Briggs, made to the defendant, Edwin Winsor, a general assignment of all the property of which he was the lawful owner, excepting only what and so much as was exempt from attachment by law, in trust for the equal benefit of all his creditors. Under this assignment the said Edwin Winsor took possession of the assigned property, among which was the property for the conversion of which this action is brought. It appeared at the trial, which was had before the court, jury trial being waived, that only a small part of the property which is in controversy was in the possession or ownership of the said Nicholas C. Briggs at the time the second mortgage was made, the larger part of it having been subsequently acquired for the purpose of renewing or replacing the stock and property which the said Nicholas C. Briggs then had. The case, therefore, raises the question whether a mortgage of property to be subsequently acquired conveys to the mortgagee a title to such property when acquired, which is valid at law, as against the mortgagor or his voluntary assignee. The question is one which, so far as we know, has never been decided in this state by the Supreme Court sitting in banc.

We think such a mortgage is ineffectual to transfer the legal title of the property subsequently acquired, unless when acquired possession thereof is given to the mortgagee, or taken by him under the mortgage. This view is supported by numerous

cases in Massachusetts: *Jones* v. *Richardson*, 10 Met. 481; *Moody* v. *Wright*, 13 Met. 17; *Barnard* v. *Eaton*, 2 Cush. 294; *Codman* v. *Freeman*, 3 Cush. 306; *Chesley* v. *Josselyn*, 7 Gray, 489; *Henshaw et al.* v. *Bank of Bellows .Falls*, 10 Gray, 568; by cases in other States: *Otis* v. *Sill*, 8 Barb. S. C. 102; *Milliman* v. *Neher*, 20 Barb. S. C. 37; *Hunt* v. *Bullock*, 23 Ill. 320; *Hamilton* v. *Rogers*, 8 Md. 301; *Chynoweth* v. *Tenney et al.* 10 Wis. 397; *Farmers' Loan & Trust Co.* v. *Commercial Bank*, 11 Wis. 207; *Single* v. *Phelps et als.* 20 Wis. 398; and by cases in England: *Gale* v. *Burnell*, 7 Q. B. 850; *Lunn* v. *Thornton*, 1 C. B. 379; *Robinson et al.* v. *Macdonald et als.* 5 M. & S. 228; *Congreve* v. *Evetts*, 10 Exch. 298; also in 26 Eng. Law & Eq. 493. The reason on which the cases rest is expressed in the maxim, *Nemo dat quod non habet.* No person can grant or charge what he has not. The maxim in its strict sense is confined to cases at law. There are cases in equity which hold that such a mortgage is effectual to charge the property, when acquired, with an equitable lien, or to create an equitable title in it in favor of the mortgagee against the mortgagor, and even, as some of the cases maintain, against attaching creditors, especially where they have actual notice of the mortgage. *Holroyd* v. *Marshall*, 10 H. L. 191; *Mitchell* v. *Winslow*, 2 Story, 630; *Pennock et al.* v. *Coe*, 23 How. U. S. 117; *Galveston R. R. Co.* v. *Cowdrey*, 11 Wall. 459; *United States* v. *New Orleans R. R. Co.* 12 Wall. 362; *Butt* v. *Ellett*, 19 Wall. 544; *Smithurst* v. *Edmunds*, 14 N. J. Eq. 408; *Tedford* v. *Wilson*, 3 Head, 311; *Sillers et ux.* v. *Lester*, 48 Miss. 513; *Seymour* v. *Canandaigua & Niagara Falls R. R. Co.* 25 Barb. S. C. 284. The ground of these decisions is that the mortgage, though inoperative as a conveyance, is operative as an executory contract which attaches to the property when acquired, and in equity transfers the beneficial interest to the mortgagee, the mortgagor being held as trustee for him, in accordance with the familiar maxim that equity considers that done which ought to be done. But in the case at bar the plaintiff is not suing in equity, but at law in an action of trover for the tortious conversion of the property; and is suing not a mere wrong-doer, but the persons having the legal ownership of the property, and certainly, therefore, cannot prevail without proof of something more than a merely equitable title or interest. He ought to prove

that he has the legal title or ownership, either general or special, and the right of present possession. *Fulton, Adm'r,* v. *Fulton,* 48 Barb. S. C. 581; *Herring* v. *Tilghman et als.* 13 Ired. 392; *Killian, Adm'r,* v. *Carrol,* 13 Ired. 431; *Lonsdale* v. *Fairbrother,* 10 R. I. 327.

It is true, language was used in some of the cases above cited, decided in the Supreme Court of the United States, which seems to go beyond what we have stated to be the effect of the cases; but the cases referred to were cases in equity, and we presume, therefore, the language was designed to express the rule in equity, and not at law, except in so far as the rule at law had been modified by statute; or, the cases being railway cases, in so far as the rule may be regarded as modified by considering the rolling stock and equipment of a railroad as fixtures. And see *The Farmers' Loan & Trust Co.* v. *Hendrickson,* 25 Barb. S. C. 484; *Pierce* v. *Emery,* 32 N. H. 484.

The plaintiff's counsel claims that there are cases at law upon the authority of which he is entitled to recover. He cites *Chapman* v. *Weimer et al.* 4 Ohio St. 481; *Carr* v. *Allatt,* 3 H. & N. 964; *Chidell* v. *Galsworthy,* 6 C. B. N. S. 470. In these cases possession of the after-acquired property had been given to the mortgagee, or lawfully taken by him under the mortgage; and it was for this reason that the mortgagee was held to have acquired the legal title, and not because it was supposed the mortgage itself was effectual to transfer it. There are numerous cases which hold that, though the mortgage *per se* is inoperative to transfer the legal title, possession so given or taken under it transfers the legal title to the mortgagee, being the *Novus actus interveniens* required by Lord Bacon's maxim to give effect to the mortgage as a *declaratio præcedens.* The maxim is "*Licet dispositio de interesse futuro sit inutilis, tamen fieri potest declaratio præcedens quæ sortiatur effectum, interveniente novo actu.*" Broom's Legal Maxims, 498; *Hope* v. *Hayley,* 5 El. & B. 830; also in 34 Eng. Law & Eq. 189; *Langton* v. *Horton,* 1 Hare, 549; *Congreve* v. *Evetts,* 10 Exch. 298; also in 26 Eng. Law & Eq. 493; *Baker et al.* v. *Gray et al.* 17 C. B. 462; *Carrington* v. *Smith,* 8 Pick. 419; *Rowley* v. *Rice,* 11 Met. 333; *Rowan* v. *Sharp's Rifle Manuf. Co.* 29 Conn. 282; *Titus et al.* v. *Mabee et al.* 25 Ill. 257; *Chapin* v. *Cram,* 40 Me. 561;

*Bryan* v. *Smith*, 22 Ala. 534 ; *Farmers' Loan & Trust Co.* v. *Commercial Bank*, 11 Wis. 207. In the case at bar the plaintiff has never acquired the legal title in this way, for he has never been in possession of the property.

The plaintiff also claims to be entitled to recover upon the authority of *Abbott* v. *Goodwin*, 20 Me. 409. The mortgage in that case was not a mortgage of property to be subsequently acquired. It was a mortgage given to secure the payment of certain notes upon a stock of goods then in the possession of the mortgagor, and contained a stipulation that the mortgagor should retain possession of the goods, " and pay over and account for the proceeds of all sales of said goods to them (the mortgagees), to be applied in payment of said notes, or directly to apply said proceeds to the payment of said notes, at the discretion " of the mortgagees. The action was trespass for taking four hundred casks of lime, obtained by the mortgagor in exchange for goods or the proceeds of goods mortgaged to the plaintiffs. The court sustained the action, holding that the lime must be considered as substituted for and representing the goods which were mortgaged, having been exchanged for them or their proceeds, by the mortgagor acting as the agent of the mortgagees.

In the case at bar there was no stipulation reserving to the mortgagee control of the proceeds of the property sold by the mortgagor, and, moreover, there is no evidence that the new property was paid for out of the proceeds of the old, or, in fact, that it was paid for at all, though there is evidence that it was acquired to renew or replace the old. We think, therefore, the case of *Abbott* v. *Goodwin*, 20 Me. 408, is not an authority which can control the case at bar. And see *Rhines* v. *Phelps*, 8 Ill. 455 ; *Holly* v. *Brown*, 14 Conn. 255, 265 ; *Levy* v. *Welsh*, 2 Edw. Ch. 438 ; *Chapin* v. *Cram*, 40 Me. 561.

In *Hamilton* v. *Rogers*, 8 Md. 301, it was held that a mortgage of goods in a store, " together with all renewals and substitutions for the same or any part or parts thereof," did not convey subsequently acquired goods so as to give the mortgagee an action at law against a party seizing them. And *Rose et al.* v. *Bevan*, 10 Md. 466, maintains that the rule is the same, even though the new goods are paid for out of the proceeds of the old. And in Massachusetts such mortgages have been repeatedly con-

demned as ineffectual to confer any title to the goods subsequently acquired, though acquired in the usual course of business, and by way of substitution for goods which were mortgaged. *Jones* v. *Richardson*, 10 Met. 481 ; *Moody* v. *Wright*, 13 Met. 17 ; *Barnard* v. *Eaton et al.* 2 Cush. 294. And see *Codman* v. *Freeman*, 3 Cush. 306. In the case at bar the only fact proved is that the new goods were acquired in the usual course of business to replace the old. We do not think this is enough to give the mortgagee the same title in the new goods which he had in the old, or in fact to give him any legal title in them.

The plaintiff contends that the defendants are estopped from denying his title. The facts set up by the defendants are not in contradiction of, but in conformity with, the mortgages. The mortgages contain no express covenants of title. The case therefore discloses no ground for the application of the doctrine of estoppel. *Chynoweth* v. *Tenney et al.* 10 Wis. 397.

We decide that the plaintiff cannot recover in this action for goods acquired after the mortgage was given.

The court also find the defendants not guilty of converting the remainder of the property. The evidence shows that the defendants refused to surrender all the property to the plaintiff ; it does not show to the satisfaction of the court that they refused to surrender so much of the property as was on hand when the mortgage was given.

POTTER, J. While I cannot concur in all the statements of law in the opinion of the majority of the court, I concur in the result.

So long as we maintain the system of forms of actions which we have inherited from England, and by which justice is so often sacrificed to mere technicalities, we must hold that an action of trover cannot be sustained in a case like the present.

*Judgment for the defendant for his costs.*

*Tillinghast & Ely,* for plaintiff.

*Benjamin N. Lapham & Daniel R. Ballou,* for defendants.

After the foregoing opinion had been given, the plaintiff filed a bill in equity against Winsor and Briggs to establish his lien under the mortgage on the property acquired subsequent to its execution. The court granted the relief prayed for. See *Williams* v. *Winsor*, to be published in 12 R. I.