John St. Peter, Respondent, *v*. Henry D. Denison, Appellant.

By the execution upon the part of the State of a contract for work in the enlargement of a canal, no delegation of sovereign power is made to the contractor, so that he can of his own motion confiscate private property for public use, either permanently or temporarily. The contractor has no right, by virtue of his contract, greater than any other individual, to take or intrude upon premises outside of the canal lines.

The authority conferred by the statutes upon the canal commissioners to enter upon and take possession of lands of an individual for the construction of, or for the temporary use of, the canals, cannot be delegated unless there be special power of substitution.

*Baker* v. *Johnson* (2 Hill, 342) distinguished and limited.

A contractor cannot justify himself for trespassing upon private lands because the act was necessary in the performance of his contract. Unless there is a right to use the adjacent lands for the purposes of the work, it matters not that it was necessary.

*Radcliff's Executors* v. *Mayor, etc.* (4 N. Y., 196), *Bellinger* v. *N. Y. C. R. R.* (23 id., 42) distinguished.

Accordingly *held*, that the casting of stone and earth by means of a blast from the bed of the canal upon the lands of an adjoining proprietor by a contractor with the State, engaged in the work of the Erie canal enlargement, was a trespass, and although the work was done without negligence, he was liable for the damage resulting.

Also, *held*, that the contractor was not the agent of the State, nor was the latter liable for his manner of doing the work; that the case was not included in the statutory provision for the hearing and adjustment of claims against the State (chap. 321, Laws of 1870), and that therefore the rule, that when a remedy is provided by statute a party is confined to it, did not apply.

Earth and stone, so thrown, fell upon and injured plaintiff who was at work upon adjoining premises. He had no knowledge or previous notice that the blast was about to be fired. In an action to recover for the injury, *held*, that defendant was bound to adopt such precautions as would prevent the missiles from reaching the place where plaintiff was, or to give him personal and timely notice so that he might escape; that plaintiff was not bound to assume, until he had personal notice or knowledge, that defendant was about to do a wrong and so be on the watch to avoid it, and that defendant was liable.

(Argued September 25, 1874; decided October 6, 1874.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought for injuries sustained by plaintiff resulting from the falling upon him of a quantity of earth and stone thrown from the bed of the Erie canal by a blast in the progress of the work of enlargement. The referee found substantially the following facts:

That in February, 1870, the defendant, under and in pursuance of a contract entered into by him with the State of New York for that purpose, was engaged in the enlargement and improvement of the Erie canal near or in the city of Cohoes; that to perform said work the defendant resorted to the use of gunpowder for the purpose of blasting out the rock and frozen earth; that immediately previous to the time of the occurrence of the injury the defendant had been so blasting

for several days in succession, and had set off several blasts each day at irregular intervals, which fact was then known to the plaintiff; that the defendant always gave notice that such blasts were about to be set off, by sending several men out in different directions in the neighborhood to considerable distances and causing them to shout "fire" and "blast" sufficiently loud to enable all persons within reach of the missiles thrown, who were listening or watching for the alarm and whose hearing was unimpaired and unobstructed by other sounds, to hear the same in sufficient time to enable them to seek places of safety and shelter; that on the day when said injury occurred several blasts had been set off prior to the one by which said injury was caused, of which such notice was given as aforesaid; that during the whole day on which the injury occurred, the plaintiff, who was in the employ of the Harmony Mills Company, had been and was at that time at work in shoveling coal for said company upon premises belonging to them, and at a point about two hundred feet from the place where said blasting was being done, and within hearing of the sound thereof and of the alarm and warning thereof given by the defendant, if listening or watching therefor and unimpeded in hearing by other sounds, and within sight of both banks of the canal at the point where the blasting was being done, but not within sight of the bed of the canal where the blasts were being prepared and set off; that on or about three o'clock in the afternoon of the 23d day of February, 1870, the defendant prepared a blast at a point in the bed of said canal immediately contiguous to where for several days he had been setting off such blasts, and covered the same with timbers and planks to prevent the earth and stones which might be thrown up thereby from flying to a distance, which was the usual and ordinary precaution adopted for that purpose by the defendant and persons engaged in the business of blasting, and was used by them but not always effective to keep small pieces from flying off; that immediately prior to setting off said blast an alarm and notice thereof was given by the

defendant as he had theretofore done as above set forth; that between the time when the alarm and notice was given and the blast was set off, sufficient time elapsed to have allowed the plaintiff to seek and gain a place of safety; that the plaintiff took no precaution, either by listening or watching, to ascertain the time of the setting off of said last mentioned blast, and did not attempt to seek a place of safety from the effect thereof; that a large piece of frozen earth and stone was thrown up thereby and fell upon the plaintiff and inflicted a personal injury upon him; that the plaintiff had no knowledge or notice that said blast was about to be or had been set off until he was struck by said piece of frozen earth and stone; and as conclusion of law the referee found that the defendant was lawfully engaged in performing said blasting at the time and place aforesaid; that the plaintiff was lawfully employed at the place where he was at the time he was so injured; that under the circumstances he was not bound to exercise any care or vigilance in watching for or in trying to escape from missiles thrown by said blasts; that the defendant was bound either to adopt such precautions as would prevent said missiles from reaching the place where the plaintiff then was, or to give the plaintiff personal and timely notice of the setting off of said blasts, to enable him to escape from the effects thereof, and that the plaintiff was entitled to recover.

*Frank Hiscock* for the appellant. The State, through its legislature, can delegate to its officers or servants the right to take or temporarily use private property for public purposes. (*People* v. *Smith*, 21 N. Y., 595–598; *Matter of Furman St.*, 17 Wend., 649.) If certain and adequate remedy is provided the appropriation is lawful. (*Rexford* v. *Knight*, 11 N. Y., 308, 314; *People* v. *Hayden*, 6 Hill, 359, 361; *Smith* v. *Helmer*, 7 Barb., 416, 426; *Bloodgood* v. *M. and H. R. R. Co.*, 14 Wend., 51, 56; *Baker* v. *Johnson*, 2 Hill, 342.) The State owned the fee of the land where the blasting was being done (11 N. Y., 308; 4 Wend., 647) and lands adjoin-

ing may be assumed as far as necessary, permanently or temporarily. (2 Kent, 339 ; *Wheelock* v. *Young*, 4 Wend., 647 ; *Lynch.* v. *Stone*, 4 Den., 356.) The most convenient and available agent to remove the rock and earth could be lawfully used. (*Stevens* v. *Middlesex Canal*, 12 Mass., 465.) Neither the State nor its officers or agents could be guilty of trespass in any such case. (14 Wend., 56 ; 15 id., 356 ; *Lynd* v. *Stone*, 4 Den., 356 ; *Wheelock* v. *Young*, 4 Wend., 647 ; *Baker* v. *Johnson*, 2 Hill, 342 ; *Walrath* v. *Barten*, 11 Barb., 382, 386 ; *Lyon* v. *Jerome*, 15 Wend., 569 ; 26 id., 485, 500 ; *Turrill* v. *Norman*, 19 Barb., 266 ; *Lebenon* v. *Olcott*, 1 N. H., 339 ; *Radcliff's Exrs.* v. *Mayor, etc.*, 4 N. Y., 196 ; *Bellinger* v. *N. Y. C. R. R.*, 23 id., 42 ; *Wilcox* v. *R., W. and O. R. R. Co.*, 39 id., 358.) The defendant was acting as agent for the State and the principal alone was liable. (*Colvin* v. *Holbrook*, 2 N. Y., 126 ; *Russell* v. *Mayor, etc.*, 2 Den., 461, 470 ; *Hall* v. *Lauderdale*, 46 N. Y., 70 ; *Belknap* v. *Reinhart*, 2 Wend., 375 ; *Nicols* v. *Moody*, 22 Barb., 611.) The statute (chap. 321, Laws 1870), having given the right to take lands and having pointed out the remedy, it alone can be pursued. (*Calking* v. *Baldwin*, 4 Wend., 667 ; *Stevens* v. *Middlesex Canal*, 12 Mass., 465.; *Russell* v. *Mayor*, 2 Den., 461, 465 ; *Dodge* v. *Conis*, 3 Metc., 380 ; *Stowell* v. *Flagg*, 11 Mass., 364.) Defendant having used due care to prevent accidents. was not liable. *Wilds* v. *H. R. R. R. Co.*, 29 N. Y., 315 ; *Beiseigel* v. *N. Y. C. R. R. Co.*, 40 N. Y., 9 ; *Wilcox* v. *R., W. and O. R. R. Co.*, 39 id., 358.)

*R. W. Peckham* for the respondent. Defendant, if negligent, was liable. (*Robinson* v. *Chamberlain*, 34 N. Y., 389 ; 37 id., 648 ; 42 id., 47 ; 44 id., 113 ; 46 id., 194 ; 47 id., 130.) The question of negligence here was one of fact. (*Viner* v. *Steamship Co.*, 50 N. Y., 23 ; 37 id., 648.) The failure to give notice was negligence. (*Driscoll* v. *N. and R. L., etc., Co.*, 37 N. Y., 637.) To sustain a referee's conclusions of law if necessary further findings of fact, which the evidence

tended to prove, will be assumed. (*Grant* v. *Morse*, 22 N. Y., 323; 40 id., 248; 42 id., 432; 46 id., 496.)

FOLGER, J. Even if it should be conceded that the defendant had the right, from being a contractor with the State, to do all that which the State might do, in the progress of the work; I do not think that this would justify him, in the state of facts which this case presents, in casting material upon the premises of a private owner, upon which the plaintiff was lawfully engaged. The State could not intrude upon the lawful possession of a citizen, save in accordance with law. Unless authorized by law so to do, the casting of stone from the bed of the canal upon the land of an adjoining proprietor, either by the State or an individual, was a trespass. (*Hay* v. *Cohoes Co.*, 2 N. Y., 159.)

The defendant claims that he was authorized by law, in that he was, as the servant of the State, in the exercise of the right of eminent domain, belonging to his principal. The State, however, cannot ordinarily exercise that right save in accordance with a special act of the legislature, or through the constituted authorities by virtue of some general statute. He fails to show such special act, or any action of the constituted authorities. He may not claim that, by virtue of his contract, he had such delegation of sovereign power, as that he could, of his own motion, confiscate private property to the public use, permanently or temporarily. The general statutes relating to this subject confer power upon the canal commissioners to enter upon and take possession of lands of an individual for the construction of the canals. The authority is personal, is a trust and confidence reposed in them, the exercise and application whereof is matter of judgment and discretion, and cannot be delegated unless there be special power of substitution. It was accordingly so held in *Lyon* v. *Jerome* (26 Wend., 485), in the Court of Errors, reversing the judgment of the Supreme Court in the same case; and that an engineer or other sub-agent of the State could not lawfully take stone from the

quarry of an individual, for the building of locks upon a canal, save by the express direction of the canal commissioners. Now the case in hand is not of the repair of a canal, but of its enlargement and improvement; hence of its construction on the enlarged plan. The defendant does not show any authority from the commissioners save that given by his contract. That confers no more power, gives no greater direction and authority, than was bestowed in the case just cited. Hence the defendant had no right, greater than any other individual, to take or intrude upon the premises outside the external lines of the enlarged canal. It makes no difference, that in the case cited there was a taking away and permanent appropriation of a part of an individual's land, and that here it is a temporary intrusion upon or use of it. If the defendant can justify the casting of stone upon adjacent premises, though not for the purpose of leaving them there permanently, he may justify such an occupation as would be permanent, or such an injury to property as would be a destruction of it. It is true that the statutes provide for the taking of lands for the temporary use of the canals. (Laws of 1833, p. 261, chap. 196, § 1; 1836, p. 407, chap. 287.) But the power so to do is confided to the canal commissioners, and its exercise must be by them, as is laid down in the case just cited. In the case cited by defendant from 4 Denio, 356 (*Lynch* v. *Stone*), it appeared that Commissioner Enos had directed the act complained of; and in *Wheelock* v. *Young* (4 Wend., 647), the sole question considered was of the constitutionality of the act of 1817. There is a remark in *Baker* v. *Johnson* (2 Hill, 342–349), which seems to favor the defendant. But the question here raised was not in that case. That action was trover, for stone taken from land within the external lines of the canal, and the fact that they had been removed on to the plaintiff's land beyond those lines, but no farther than necessary for more convenient dressing of them, was incidentally alluded to. It was not in the scope of the action for the plaintiff to claim of the defendant as a trespasser upon his lands, and his right to do so was not passed upon.

Nor can the defendant protect himself from liability, for that his act of blasting out the rock with gunpowder was necessary; and hence, that the effects of it upon the adjacent premises were an unavoidable result of a necessary act. The case of *Hay* v. *Cohoes Co.* (*supra*) shows that unless there is a right to the use of the adjacent lands for the purposes of the work, it matters not that the mode adopted of carrying on the work was necessary. There are decisions, that an act done under lawful authority, if done in a proper manner, will not subject the party doing it to an action for the consequences whatever they may be. (*Radcliff's Executors* v. *Mayor, etc.,* 4 N. Y., 196; *Bellinger* v. *N. Y. C. R. R.,* 23 id., 42.) These are cases where the actor confined his direct action to the boundaries within which he had a right to work; and the effects complained of were not the immediate and direct results, but consequences therefrom. In the first of these cases (4 N. Y.), which is relied upon in the other (23 id.), *Hay* v. *Cohoes Co.* (*supra*), is cited with approval. They do not declare any rule in conflict with that. They go upon the principle that the defendants in those cases, being in the exercise of public authority, if they acted with due caution, were not liable for the consequential damages to the property of any one not invaded by them.

It follows, then, that the defendant having no right to invade the premises, which, for the purposes of this case, were the possession of the plaintiff, it matters not whether and no he made his invasion without negligence. (*Tremain* v. *Cohoes Co.,* 2 N. Y., 163; *Pixley* v. *Clark,* 35 id., 520.)

The testimony warranted the finding of the referee, that the plaintiff had no knowledge or notice that the blast was about to be or had been set off, until he was struck by the piece of frozen earth and stone cast up by it. And the testimony and findings sustain the conclusion of law, that the plaintiff was not bound to exercise any care or vigilance to escape from missiles thrown by the blast; that the defendant was bound either to adopt such precautions as would prevent such missiles from reaching the place where the plaintiff then

was, or to give him personal and timely notice of the setting off of such blast, to enable him to escape. The plaintiff was not bound to assume that the defendant was about to do a wrong, and so be on the watch to avoid it. The plaintiff was of lawful right where he was, and had the right to assume, until personal notice or knowledge of the contrary, that others would not unlawfully intrude upon him.

The point is made by the defendant that the State, having authorized him to do this work and impliedly to do it by blasting, holds the relation to him and to the plaintiff of a principal in an agency. This may not be maintained. The relation of the State is plain. It had work to do. The defendant agreed to do it, looking for his own profit in it. All the authority he had from the State went no farther than that he should do it in a lawful way. He was not the agent of the State. The State could not interfere with him so long as he lived to his contract. The manner of doing it was his own, and the State was not responsible for it.

The statute of 1870 (Laws of 1870, chap. 321, p. 749), upon which the defendant relies, was not enacted until after the plaintiff had suffered his injury; and it provides for the hearing and adjustment of claims against the State, meaning, in the view to which it is cited by the defendant, well founded claims, for which the State, if suable, might be proceeded against by action, and cast in judgment. It is not available to the defendant so as to enable him to invoke the application to this case of the rule, that where a remedy is provided by statute a party is confined to that.

The judgment should be affirmed.

All concur.

Judgment affirmed.