ISAAC BRADT, APPELLANT, *v.* THE CITY OF ALBANY, RESPONDENT.

*Demurrer — liability of municipal corporation for intrusion on private property.*

Where the complaint alleged that the defendant, a municipal corporation, constructed a drain to the plaintiff's lot, upon which it discharged its contents, flooding the same and filling the cellar of his house, situated thereon, with sewage, and undermining and injuring its walls: *held*, that the complaint set forth an intrusion upon plaintiff's premises and an infraction of his rights, which, in the absence of excuse or justification, was unlawful.

In case of an intrusion upon private property there is no presumption of lawful authority arising from the commission of the act, simply because done or directed by a municipal corporation having general powers in respect to acts of the kind in question.

APPEAL from an order of the County Court of Albany county, sustaining a demurrer to the complaint.

The plaintiff alleged in the complaint:

"First. That he is the owner of lot No. 2 Park avenue, in said city of Albany.

"Second. That defendant constructed a drain leading from High street, through Johnson alley, to plaintiff's lot, and that the filth and water through said drain is discharged upon plaintiff's lot, flooding the same and filling the cellar of the dwelling-house on said lot, now occupied by one Thomas Ellison and family, with sewage from the same.

"Third. That the discharge of water and sewage through said drain upon plaintiff's lot, has undermined the foundation of said house, causing the same to settle on one side.

"Fourth. That by reason of said accumulation of sewage and water from said drain upon plaintiff's lot, the occupation of said house and premises has become dangerous to health.

"Fifth. That this defendant has been duly notified of the condition of said premises by reason of said drain, and that the authorities of said city some time ago passed an ordinance for the reconstruction of said drain, but no means have been taken by said defendant to relieve plaintiff from the nuisance and injury resulting from said drain.

"Sixth. That by reason hereof plaintiff has sustained damages in the sum of $1,000, for which he prays judgment."

"For a further and separate cause of action the plaintiff complains and alleges:

"First. That on or about the 1st day of November, 1874, this defendant constructed a plank-walk three feet high, having a hand railing three feet high, making together a height of six feet, along and in front of plaintiff's said lot on Park avenue, whereby plaintiff is deprived of access to said lot from Park avenue.

"Second. That he has been assessed for the payment of the same, and that said walk is an injury to this plaintiff by depriving him of free access to his said lot from Park avenue.

"Third. That by the erection of the same this plaintiff has sustained damage to the amount of $250."

*E. J. Bennett,* for the appellant.

*Grenville Tremain,* for the respondent.

PER CURIAM:

The complaint contains two counts. By the first it is charged that the defendant, a municipal corporation, constructed a drain to the plaintiff's lot, on to which it discharged its contents, flooding the same, and filling the cellar of his house, situated thereon, with sewage, and undermining and injuring its walls; and that the accumulation of sewage on his lot, produced by such discharge, rendered the occupation of his house and lot unhealthful. These averments show a direct act of intrusion upon the plaintiff's premises, and an infraction of his rights, which, in the absence of excuse or justification, is unlawful; as much so as would be the casting of stones thereon. Such act the defendant could not lawfully do, except under license or other valid authority. This was held in *St Peter* v. *Denison.* (58 N. Y., 416.) It was there said that the State, even, could not intrude on the lawful possession of a citizen, save in accordance with law; and further, that unless authorized by law so to do, the casting of stone from the bed of the canal upon the land of an adjoining proprietor, either by the State or an individual, was a trespass. The right to intrude upon private property,

under municipal authority, with a view to carry out public improvements, could only be conferred under consitutional and legislative safeguards. Proceedings to secure that end must be lawful and regular, or the intrusion will be wrongful; and there is no presumption of lawful authority in such case, arising from the commission of the act, simply because done or directed by a municipal corporation, having general powers in that regard. So, if it be admitted that the defendant may, in the exercise of municipal authority, construct drains within the city limits, yet the injury to private property, here charged, must be shown to be justified by the lawful exercise of such authority, or liability therefor will follow. An act by which private property is directly injured or destroyed, is wrongful, as well when done by a municipal corporation as by an individual, in the absence of excuse or justification; and the excuse or justification, if it exists, must be averred and proved, in an action for the injury, as an affirmative defense. But, for any thing that appears in the complaint, the defendant constructed the drain for a private purpose, as there is no averment to the contrary. It is not alleged that the avenue and lane, along which the drain was constructed, were public highways; nor that the drain was constructed under municipal authority. The case comes before us on a question of pleading, and must be determined on the averments of the complaint. According to those averments, the defendant intruded upon the plaintiff's premises; which act was wrongful, in the absence of excuse or justification. It follows that a cause of action is well stated in the first count of the complaint.

The second count is manifestly insufficient. The plaintiff shows no right in Park avenue, nor any right to have access to it, or to his lot therefrom. There is no averment that Park avenue is a public street; *non constat*, but that it is private property. But the demurrer is interposed to the entire complaint; and it being found that it contains one good count, the demurrer must be overruled.

The order of the County Court sustaining the demurrer must be reversed, with ten dollars costs, and expenses of printing papers on the appeal; and judgment given for the plaintiff on the demurrer with costs; but with liberty to the defendant to withdraw the

demurrer, and to answer on payment of costs of the demurrer and of the appeal.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.