ALBERT PEISER, Appellant, *against* FREDERICK SCHANNING *et al.*, Respondents.

(Decided January 3d, 1888.)

Where the occupant of the upper floor of a building negligently suffers water from his premises to overflow the floor below, and damage goods there stored; it is no defense to an action by the owner of the goods for his loss that plaintiff was not the owner, the lessee, or the sub-lessee of the rooms in which the injury occurred. Goods in the keeping of the occupant of the overflowed premises are entitled to the same protection as his own goods.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at a trial.

The action was brought to recover damages sustained by an overflow of Croton water from defendants' premises on the upper floor of the building known as 191 Church Street and 35 and 37 White Street in this city, whereby the goods of the plaintiff, which were in the first floor and basement of said premises, were injured. The answer was a denial. The complaint was dismissed, because it was not alleged in the complaint that the plaintiff was a tenant or sub-tenant of the premises; and upon his admission, at the opening of the case, that he was not at any time such tenant or sub-tenant.

*L. Ruser*, for appellant.

*Horwitz & Hershfield*, for respondents.

J. F. DALY, J. — [After stating the facts as above.] — In the cases of recovery for injury to goods occasioned by the negligence of the occupant of premises in permitting an

overflow of water therefrom, it has generally appeared that the party claiming for such injury was the tenant of premises in the same building with the defendant or the adjoining building; but there is nothing in the principle upon which the defendant in such cases is held liable, viz., that he must exercise such care in the use of his own property that the rights of another may not be injured, — which limits the right of action to a neighbor who holds under a lease, and which prevents a recovery by one who lawfully occupies with his goods a part of the adjoining premises by virtue of a license from the lessee.

In the case of an injury to one tenant of a building resulting from the negligence of another, whereby water overflows from the premises of the latter and damages the goods of the former on his premises, it is said that "the question is one of negligence in the use of premises. . . . They are not under contract with each other, express or implied, but their reciprocal obligations rest upon the duty which every man owes his neighbor to employ at all times a prudent care in the exercise of his own rights that the rights of such neighbor may not be injured" (*Eakin* v. *Brown*, 1 E. D. Smith 36–44). The occupant of premises owes this duty, of managing his property so that another may not be injured, to all who may suffer injury by his negligence. It is upon this principle that such occupant who permits snow and ice to be shovelled from his roof so negligently that one passing along the street is injured, is held liable (*Althorp* v. *Wolf*, 22 N. Y. 355). So with one who permits the premises he occupies as tenant to become out of repair so that for that reason a window-sash falls out and injures a passer-by; he may become liable to a stranger (*Odell* v. *Solomon*, 99 N. Y. 635); and one who, blasting on his own premises, causes earth and stone to be thrown upon neighboring property and injures one who is at work there (*St. Peter* v. *Denison*, 58 N. Y. 416). In the last case the plaintiff was not the owner nor the lessee of the neighboring property, but merely a workman employed by the owner; yet there seemed to be no question of his right to recover, and I do

not find it easy to distinguish in principle the right of the plaintiff in that case and in this, the liability of the defendant being based upon the same principle in both cases. The case of *Hay* v. *Cohoes Co.* (2 N. Y. 159) is cited in *St. Peter* v. *Denison* as the authority for holding the defendant liable, and *Hay* v. *Cohoes Co.* was decided upon the doctrine *sic utere tuo*, etc.; as was *Jutte* v. *Hughes* (67 N. Y. 267), a case of damage to neighboring property from percolation of water, etc., from the defendant's drains.

As there was no question that the plaintiff was lawfully in possession of his goods in the premises in which they were injured, and that he was there by license of the occupant and was not a trespasser, I think he was entitled to recover if he established the negligence of defendants.

The judgment should be reversed and a new trial ordered, with costs to abide event.

LARREMORE, Ch. J. — I concur in the conclusion that the judgment should be reversed.

VAN HOESEN, J. — If the appeal book had been prepared with intent to conceal the facts of this case from the court, it could not have augmented the difficulty of discovering from the record the point in controversy. The question appears to be this: May the pawnor of goods recover damages if while in the custody of the pawnee they be injured by water that overflows the pawnee's premises in consequence of the negligence of a third party, the defendant in this action? The answer is that he can. Either the pawnee or the pawnor may maintain the action, and the recovery of a judgment by one is a bar to a subsequent action by the other (2 Kent's Comm. marg. p. 585; Addison on Torts, Dudley & Bay. ed. p. 505). Where the occupant of the upper floor of a building negligently suffers water from his premises to overflow the floor below, and damage goods that are there stored, it is no defense to an action brought by the owner of the goods to recover compensation for his loss, that he was not the owner, the lessee,

or the sub-lessee of the rooms in which the injury occurred. Goods that are in the keeping of the occupant of the over-flowed premises are entitled to the same protection as his own goods. It cannot be that where goods held upon consignment are injured through the negligence of another, the consignor has no remedy because he is not the tenant of the apartments in which the damage was done. If goods have been bought of the tenant of those apartments, and paid for, it cannot be that if they are injured before they are taken away, the owner is remediless.

It may well be that if, without any lawful right to do so, a stranger brings goods into a building, he cannot recover for an injury to them that is not wanton or reckless; but that, as we infer, is not this case.

Judgment reversed and new trial ordered, with costs to abide event.