### SULLIVAN v. DUNHAM et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. NEGLIGENCE—BLASTING NEAR HIGHWAY—EVIDENCE.
    In an action for death due to a blow from a falling stump, thrown in the air by a blast fired on private land adjoining the highway along which decedent

was walking, it is error to exclude evidence that decedent exposed herself to danger after warning of its presence.

2. SAME—BLASTING NEAR HIGHWAY—PROOF OF NEGLIGENCE.

A person injured, while on a highway, by objects thrown from a blast on land adjoining, can recover in an action for his injuries without proving negligence.

Appeal from trial term, Westchester county.

Action by Mary Sullivan, as administratrix of the estate of Annie E. Harten, deceased, against Carroll Dunham, Theodore H. Dinkel, and Philip Jewell, for the death of her intestate, caused by the wrongful acts of defendants. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Isaac N. Mills, for appellants.

Sumner B. Stiles, for respondent.

WILLARD BARTLETT, J. On June 10, 1895, the plaintiff's daughter, Annie E. Harten, a girl 19 years of age, was killed on a public highway, known as the "Harriman Road," at Irvington, N. Y., by a blow from a falling stump, which had been thrown high into the air and a distance of more than 400 feet by a blast fired on the land of Dr. Carroll Dunham for the purpose of removing a large elm. The defendants Dinkel & Jewell, who were partners, had been employed by Dr. Dunham to do the blasting, and one of them was to superintend the work under the direction of Dr. Dunham's foreman, whose name was Ward. At the time of the accident, neither Dr. Dunham nor Mr. Jewell was present, but Mr. Dinkel was in the neighborhood of the tree which was blasted out. The plaintiff has recovered a verdict of $8,300 against the defendants for wrongfully causing the death of her intestate, and from the judgment entered upon this verdict, and an order denying a motion for a new trial, all the defendants have appealed.

The complaint charged that the defendants "wrongfully and unlawfully, and in reckless disregard of human life, did carelessly, negligently, and unskillfully blast and blow out" the tree; but the learned judge who presided at the trial held that the action was based, not at all upon negligence, but upon a wrong consisting of the improper use of real estate. The jury were told, in substance, that the plaintiff was entitled to a verdict if they were satisfied that the young girl was struck and killed in the highway by a portion of the tree blasted out on Dr. Dunham's land by Messrs. Dinkel & Jewell, employed by him to do the work under the direction of his foreman, Ward. The court also instructed the jury that the caution which the young lady exercised in respect to taking care of herself was not to be considered, having previously, in the course of the trial, excluded evidence offered by the defendant for the purpose of showing that, after she was warned of the danger, she voluntarily remained in the vicinity. In the instruction and ruling upon the degree of care required of the injured person in such a case, it is clear that an error was committed. Even where the cause of action is not founded upon negligence, but

rests upon the commission of a trespass by the defendant, the party suffering injury therefrom is not wholly relieved of the obligation to exercise some degree of caution.    If he is on his own land, or in the public highway, he has a right to assume, in the absence of knowledge or fair warning to the contrary, that others will not endanger his safety by trespass or other wrong.    St. Peter v. Denison, 58 N. Y. 416; Ochsenbein v. Shapley, 85 N. Y. 214.    But, where there is personal notice of the existence of danger, or fair warning, the law imposes upon the person whose safety is imperiled the duty of using such reasonable means as are at hand to protect himself, and he cannot voluntarily and knowingly remain in a place of risk without losing his right of action for the injury which it was thus in his power to avoid.    While I am far from saying that, upon the proof actually before the court in the case before us, the young woman who lost her life neglected any precaution which the law demanded, I think there was error in the exclusion of evidence which was offered on that subject.    A witness named Kenny had testified that he met Miss Harten and another girl, who was walking with her on the Harriman Road; that he said to them both, "We are going to have a blast, but walk along down the road; you have lots of time"; that he then pointed down the road, west, and the girls went that way, while the witness went east.    The defendants insist that this warning was given fully 10 minutes before the blast was fired, in which space of time the girls had moved only about 249 feet.    On the other hand, it is argued, in behalf of the respondent, that there was nothing in the language used to indicate where the blasting was to take place, or that it was to take place soon; the girls having been assured that they had ample time to get out of any possible danger.    If there was no other or further warning, I doubt whether it would be permissible for a jury to find that the girls failed to observe a proper degree of care because they walked only 249 feet after they heard it.    But the defendants sought to prove that, after the witness Kenny spoke to the girls, he proceeded along the road, and heard cries of "Fire!" behind him, to the west, in the direction where the young women were. The trial court excluded the evidence offered for this purpose.    I think the exceptions to its exclusion were well taken, and that it was also error to refuse to allow the witness James Halpin to tell whether the cries of "Fire!" preceding the blast, were loud or not. Evidence as to how loud the cries were, and whether they proceeded from a place where the girls must have heard them, was additional proof bearing on the conduct of the plaintiff's intestate, which the defendants were entitled to lay before the jury, in order that they might determine, as a question of fact, whether she voluntarily exposed herself to the danger, after fair warning of its presence.

These erroneous rulings, coupled with the statement in the charge of the learned trial judge, that the caution which the young lady exercised in respect to taking care of herself was not to be considered, demand a reversal of the judgment.    I do not think the case should go back for a new trial, however, without an expression of opinion by this court upon the question whether it is essential for the plaintiff to prove negligence in order to make out a cause of action.    In the

view of the learned trial judge, as has already been pointed out, no proof of negligence was necessary. His ruling to this effect was doubtless based on the authority of Hay v. Cohoes Co., 2 N. Y. 159. In that case, the declaration alleged that the defendants wrongfully and unjustly blasted and threw large quantities of earth, gravel, slate, and stones upon the dwelling house and premises of the plaintiff, and shut, darkened, and broke the windows thereof. These allegations were supported by proof tending to establish them, it appearing that the damage was inflicted by the defendants while engaged in blasting upon their own land. The trial court nonsuited the plaintiff because of his failure to aver and prove negligence. The supreme court and court of appeals held that this was error, and that the defendants were liable without proof of negligence. "No one questions that the improvement contemplated by the defendants upon their own premises was proper and lawful," said Gardiner, J. "The means by which it was prosecuted were illegal, notwithstanding, for they disturbed the rightful possession of the plaintiff, and caused a direct and immediate injury to his property." This leading case on trespass by blasting remains an unquestioned authority in this state to-day upon the precise point therein decided, which was that the injury done to a plaintiff's property by a neighboring proprietor, in blasting rocks upon his own premises, and throwing them upon the premises of the plaintiff, was a wrong for which the wrongdoer was liable, irrespective of any question of negligence in the manner of doing the blasting. The same doctrine was applied to the case of personal injuries inflicted by blasting, in St. Peter v. Denison, 58 N. Y. 416, where the plaintiff, while working on the property of the Harmony Mills Company, near Cohoes, was struck by a piece of stone and frozen earth, thrown out upon him by a blast fired by the defendant in the course of excavations which he was making for a canal, under a contract with the state. There it was held that the defendant had no right to invade the premises where the plaintiff was at work, and that it mattered not whether the invasion was made without negligence. The courts, however, have not extended the principle of Hay v. Cohoes Co. to cases where the injury occasioned on the adjoining property has been due solely to vibrations produced by blasting. Under such circumstances there must be negligence to render the defendant responsible. Benner v. Dredging Co., 134 N. Y. 156, 31 N. E. 328; Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592. But this is placed upon the ground that the vibratory effects of blasting do not constitute an actual trespass. Thus, in the Benner Case, Landon, J., says: "There was no physical invasion of the plaintiff's premises by casting stones or earth or other substances upon them, as in Hay v. Cohoes Co." And in the Booth Case, Chief Judge Andrews, referring to Hay v. Cohoes Co. as a leading case, points out that it involved a physical invasion by the defendant of the land of the plaintiff, while the injury due to vibration from blasting is consequential, and not, technically, a trespass.

A critical examination of the cases which the defendants rely upon as overruling the Hay Case shows that they contain nothing really in conflict with it, when we consider precisely what it decided. The

most important of these are Pack v. Mayor, etc., 8 N. Y. 222, in which no suggestion of liability appears to have been made except on the ground of negligence, and McCafferty v. Railroad Co., 61 N. Y. 178, in which the principal questions discussed related to the liability of independent contractors, and in which Earl, C., merely denied the application of the Hay Case to the points there under consideration, without questioning its authority upon the proposition that the defendants therein were liable without proof of negligence.    Reasoning from the doctrine of the Hay Case and St. Peter v. Denison, supra, it seems clear that one who, in the process of blasting upon his land adjoining the highway, inflicts physical injuries upon one lawfully in the highway, by throwing stones, wood, or other objects from the blast against the person of the traveler, is a wrongdoer, and responsible as such, no matter how carefully the blasting is carried on.    Such is the view taken by the supreme court of Indiana in Wright v. Compton, 53 Ind. 337, a case directly in point here.    Compton was injured by stone blasted from a quarry by Wright and others, on Wright's land, which stone was thrown into the highway, along which Compton was passing.    Following the Hay Case, the court held that the defendants were liable, irrespective of any question of negligence. Biddle, J., said:

"The question involved is not one of negligence on the part of the defendants. The act charged against them is in itself unlawful,—not the act of blasting and quarrying rock, but the act of casting fragments of rock upon the plaintiff, to his injury. When the act in itself is unlawful, it is immaterial whether it is done ignorantly, negligently, or purposely, except in the measure of damages. Every person must so use his property and exercise his rights as not to injure the property or restrict the rights of others. In this case, the defendants could not lawfully so use their stone quarry as to embarrass the rights of travelers along the public highway. The public travel must not be endangered to accommodate the private rights of an individual."

In my opinion, therefore, the trial court did not err in holding that the plaintiff could recover without proving negligence.

A considerable portion of each brief on the present appeal is devoted to a discussion of the relations between Dr. Dunham, the firm of Dinkel & Jewell, and Dr. Dunham's foreman.    As the evidence on this subject may be fuller and more definite on another trial, a consideration of this branch of the case does not seem advisable at this time.

I think the judgment should be reversed, and a new trial granted, with costs to abide the event.    All concur.