LERSNER, Respondent, v. McDONALD et al., Appellants. (Supreme Court, Appellate Term. May, 1902.) Action by Ignatius L. Lersner against John McDonald and others. Vernon M. Davis, for appellants. Jacob Marks, for respondent.

FREEDMAN, P. J. This action was brought to recover for damages to personal property arising under the following circumstances: The defendant McDonald is engaged, under a contract with the city of New York, in constructing what is known as the "Rapid Transit Railroad," and the defendants Norton & Dalton are subcontractors. It was the duty of the defendants, under their contract, among other things, "to protect and support, during construction, * * * water mains," and to "move, alter, readjust, and rebuild water mains," when necessary. On July 8, 1901, they were engaged in the work of digging a trench in Broadway near Ninety-Sixth street for the purpose of laying a new 20-inch water pipe. The premises occupied by the plaintiff were contiguous to the excavation being made by the defendants, and a high-pressure 10-inch water main ran north and south along Broadway within a few feet of the basement of plaintiff's premises. A hole had been drilled into a rock, which probably extended to or under the water main, and a blast was set off by the defendants, the force of which broke a hole in the main. The water flooded the basement, and ran into a locker belonging to the plaintiff, and destroyed property to the conceded value of $90.25. At the close of the trial the justice held that the defendant McDonald was not liable, and gave judgment in favor of the plaintiff against the defendants Norton and Dalton, who appeal. The only question raised by the appellants, and urged as a ground for reversal of the judgment, is that the injuries received by the plaintiff are indirect and consequential, and not the direct result of the blasting, and therefore, in the absence of any proof of misconduct, lack of skill, or negligence on the part of the defendants, the plaintiff cannot recover. The defendants' attorney attempts to distinguish this case from those cases where, by blasting, fragments of rock, etc., are thrown upon the lands of another (Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279; Tremain v. Cohoes Co., 2 N. Y. 163, 51 Am. Dec. 284; Pollett v. Long, 56 N. Y. 200; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274), and claims that in the case at bar the direct result of the blasting was the breaking of the pipe produced by concussion, and that the flow of the water and consequent damage were the consequences of the breaking of the pipe. To determine this question needs only to ascertain the meaning of natural, direct, and proximate damages, as distinguished from indirect, remote, and consequential damages. The decisions of this state, cited in Laidlaw v. Sage, 158 N. Y. 73–79, 52 N. E. 679, 44 L. R. A. 216, as well as those in the others, are uniform to the effect that the term "natural," applied to the consequences of an act, implies that they are such as might reasonably have been foreseen. The term "proximate" indicates nearness, and in law requires that there should be no other culpable and efficient agency intervening between the defendants' act and the loss. The question always is, was there an unbroken connection between the act and the injury,—a continuous operation? Railroad Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256. "Where the effect of an act was reasonably to have been foreseen, and where, in the usual course of events, it was likely to follow from the cause, the persons putting such cause in motion will be held responsible, even though there may have been other concurring events and agencies between such cause and its consequences." Hughes v. McDonough, 43 N. J. Law, 459, 39 Am. Rep. 603. The proximate cause is the efficient cause, the one that necessarily sets the other cause in operation. Insurance Co. v. Boon, 95 U. S. 130, 24 L. Ed. 395. "Where an efficient producing cause for injuries is found, it will be considered the proximate cause, unless cause or causes not incident to, but independent of, it are shown to have intervened and produced the injury. Railroad Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Fairbanks v. Kerr, 70 Pa. 86, 10 Am. Rep. 664; Brown v. Railway Co., 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41. The defendants in the case at bar knew of the existence of the water main broken by them, they knew of its proximity to the place where the blast was fired and to the premises of the plaintiff, and they also knew that it was a high-pressure main filled with water; for they proved, upon the trial, that there was an existing rule of the water department that the water in this main should not be shut off during the daytime, and they could "reasonably have foreseen the evils that were likely to flow" from a breaking of the pipe. The blast was the first and direct power producing the result, and the damage done was the direct result of the blast. The fact that the defendants were engaged in a public work, authorized by an act of the legislature, does not aid them under the facts and circumstances shown in this case. St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258. Judgment affirmed, with costs. All concur.

LE SAGE, Respondent, v. VILLAGE OF FULTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Frank Le Sage against the village of Fulton. No opinion. Judgment affirmed, with costs.