WHEELER v. NORTON et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. TRESPASS—BURSTING OF WATER PIPE—NEGLIGENCE OF THIRD PARTY.
Where defendants committed a trespass on plaintiff's premises by causing the bursting of a water pipe by a blast, the fact that the city was guilty of negligence in laying the pipe on a rock did not relieve the defendants from liability.

2. SAME—NEGLIGENCE.
Where defendants committed a trespass on plaintiff's premises by causing the bursting of a water pipe by a blast, they were liable for damages caused thereby, independent of the question of negligence.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Fannie S. Wheeler against William F. Norton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Kellogg & Rose, for appellants.
Jacob Marks, for respondent.

FREEDMAN, P. J. After reargument and re-examination of all points involved, we adhere to the conclusion reached by a former term of this court, that this case is controlled by the decision of Lersner v. McDonald, 38 Misc. Rep. 734, 78 N. Y. Supp. 1125, and that the fact that the water pipe, which was broken by a blast set off by the defendants, rested upon a rock makes no material difference between the two cases. The water cast upon plaintiff's premises constituted a trespass, and the setting off of the blast was the proximate cause. It may be that years ago the city was negligent in allowing the water pipe to be laid upon rock, but that does not excuse defendants' trespass. Without the blast, the negligence of the city in this respect, if any, would not have caused the injury. Before setting off the blast it was the duty of the defendants to examine the surroundings for themselves, and to regulate the explosive force employed, with due regard thereto, so as to prevent any trespass upon adjacent property. Where trespass is committed in such a case, the liability of the tort feasor for it is essentially the same, whether it was committed scientifically or negligently. It is only where the damage to adjacent property is caused by vibration exclusively that the plaintiff is required to establish negligence. Trespass being proven, the fact that negligence was also pleaded or involved does not relieve the defendants. That being so, the trial justice properly placed his decision upon trespass, and left the question of negligence an open one; but if it had been necessary he might, upon the proof before him, have found negligence as well.

The record discloses no reversible error, and the judgment must be affirmed, with costs; but, as there are a number of other cases pending which by stipulation were made to abide the event of this action, the defendants may have leave to appeal to the Appellate Division. All concur.