[Civil No. 1815. Filed November 24, 1920.]

[193 Pac. 296.]

# TWOHY BROTHERS COMPANY, a Corporation, Appellant, v. PETER KEPON, Appellee.

1. EXPLOSIVES—MINER, WARNED OF BLAST, HELD GUILTY OF CONTRIBUTORY NEGLIGENCE.—Where plaintiff, an experienced miner, injured while following a trail, by a blast on right of way being constructed by defendant, heard and understood the word "Fire," and immediately got into a safe position behind a wagon, but then in two or three minutes proceeded on his way in the open until the explosion occurred, five or six minutes after the warning, he was, under the facts, as a matter of law guilty of contributory negligence.

2. NEGLIGENCE—QUESTION OF CONTRIBUTORY NEGLIGENCE FOR COURT.—Where the whole testimony and all legitimate inferences therefrom show injury to one by reason of his own want of ordinary care, his negligence is for the court.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Reversed.

Mr. Richard E. Sloan, Mr. C. R. Holton, Mr. Geo. W. Nilsson and Mr. E. G. Scott, for Appellant.

Mr. F. C. Struckmeyer and Mr. R. B. Westervelt, for Appellee.

BAKER, J.—This action was brought to recover damages for personal injuries sustained by the plaintiff on the twenty-fourth day of December, 1918, he having been struck by a stone that came from a blast set off by the defendant. The gravamen of the complaint was negligence, and the breach of duty alleged against the defendant was its failure to give plaintiff any notice or warning of the blast. The charge is couched in the following language:

"The defendant, without any notice or warning to the plaintiff, caused or permitted a high charge of said gunpowder, dynamite, blasting powder, or other high explosive to be discharged."

The defendant's answer denied each and every allegation in the complaint, setting forth negligence on the part of the defendant, and affirmatively alleged that plaintiff's injuries were the direct result of his own careless and negligent act. At the close of all the evidence in the case the defendant moved the court for a directed verdict, but the court denied the motion. This was error. The undisputed testimony, without conflict, establishes the following facts:

That at the time of the accident the defendant, Twohy Bros. Company, was engaged in the construction of a railroad roadbed for the United Verde Tunnel Smelter Railroad Company near the town of Jerome, Yavapai county, Arizona; that in the construction of the roadbed it was necessary for the company to carry on blasting operations, which the company was doing when the accident happened; that between 4 and 5 o'clock on the day of the accident the plaintiff, Peter Kepon, and one Mike Racich, were returning

from work at a lime quarry, some distance from the town of Jerome, to their homes in said town, over a trail which passed in the vicinity of a fill and culvert being made by the defendant, known as the 500-foot level; that this trail was on land owned by the United Verde Copper Mining Company, and was used by men employed by the United Verde Copper Company in going to and from work at the lime quarry and other places; that when the plaintiff reached a point on the trail about fifty feet from a dump-wagon near the trail, and about 500 feet, more or less, from the fill or culvert above mentioned, he heard someone cry "Fire" once or twice; that it was five or six minutes from the time he heard the cry of "Fire" until the explosion occurred; that he and the said Racich got behind the dump-wagon, and stayed there for two or three minutes; that the plaintiff left the wagon, and had gone 150 to 200 feet, when the explosion occurred, and he was struck in the foot by a rock; that plaintiff at the time of the accident was thirty-three years old, and had been engaged in the mining business since he was eighteen years old, and had a great deal of experience in handling dynamite and other explosives, and that he was familiar with the work being carried on by the defendant at the place of the accident, and knew that they were doing blasting at that place, and knew the cry of "Fire" was the warning of an impending blast.

In Shearman & Redfield on the Law of Negligence, volume 3, paragraph 688a, it is said:

"Of course, a person who is warned that a blast is about to be made cannot voluntarily remain in a place of danger without losing his right of action if injured"—citing *Sullivan* v. *Dunham*, 10 App. Div. 438, 41 N. Y. Supp. 1083; *Graetz* v. *McKenzie*, 9 Wash. 696, 35 Pac. 377.

Certainly, if he cannot voluntarily remain in a place of danger after being warned, without losing his right

of action, if injured, he cannot voluntarily leave a place of safety, after being warned, and go to a place of danger, and recover, if injured. The plaintiff was a miner of a great deal of experience in handling dynamite and other explosives, and was familiar with blasting; he heard the cry of ''Fire,'' and well understood the import and meaning of the warning, and immediately went to a place of safety behind the wagon. He remained there a few brief moments, and then voluntarily left the place of safety, and went out into the open, and was injured by the explosion, which occurred within five or six minutes from the time the warning was given. The peril of going out into the open must have been obvious to any man of ordinary intelligence, much more so to an experienced miner familiar with blasting, yet the plaintiff of his own accord chose to abandon his secure position and challenge the danger by which he was injured. The defendant was not required to take better care of the plaintiff than the plaintiff took care of himself. Indisputably the cause of his injury was his own negligence.

A case far less clear would suffice for the dismissal of the complaint. It is apparent upon the record that the plaintiff was timely warned of the impending blast, and that his injury was due to his own negligence and reckless act; hence he could not recover. Where the whole testimony and all legitimate inferences therefrom show that plaintiff was injured by reason of his own want of ordinary care, the question of his negligence is for the court, and not for the determination by the jury. *Calumet & Arizona Mining Co.* v. *Gardner,* 187 Pac. 563.

The judgment is reversed, with directions to dismiss the complaint.

CUNNINGHAM, C. J., ard ROSS, J., concur.